UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HANAD MAHAD-MIRE,
Petitioner,

vs.

UNITED STATES ATTORNEY,
GENERAL, et al.,
Respondents.

Case No. 1:16-cv-921

Black, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, who is currently incarcerated at the Butler County Jail in Hamilton, Ohio, pursuant to detention orders issued by United States Immigration and Customs Enforcement (ICE), has filed with the assistance of counsel an "Emergency Petition For Writ Of Habeas Corpus And Writ Of Mandamus." (*See* Doc. 1). On November 14, 2016, the respondents responded to the petition by filing a return of writ and motion to dismiss the petition. (Doc. 10). Petitioner has filed a *pro se* memorandum in reply to the respondents' submission and as additional support for his petition. (Doc. 11).[1] This matter is now ripe for disposition.

**I. Background**

Petitioner is a citizen of Somalia, who "arrived at the port of entry at Brownsville, Texas and applied for admission in the United States" on January 18, 2016. (*See* Doc. 10, Ex. 1, ¶¶ 3-4, at PAGEID#: 40). It appears from the record that at that time, petitioner "did not possess or

___

[1] Pursuant to 28 U.S.C. § 1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally *or* by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." (emphasis added). *See also* Fed. R. Civ. P. 11(a) ("[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party"). Section 1654 allows litigants to proceed either pro se or through counsel, but not both. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (a party does not have a right to self-representation and representation by counsel at the same time). *See also Harris v. Walls*, 23 F. App'x 540 (7th Cir. 2001) (and cases cited therein) (litigant represented by counsel is not entitled to proceed on his own behalf). Petitioner is represented by counsel in this matter. Therefore, the Court has not considered the pro se memorandum filed in reply to respondent's return of writ.

present any valid visa, reentry permit, border crossing identification card, or other entry document in support of his application for admission." (*Id.*, Ex. 1, ¶ 4 & Ex. A, at PAGEID#: 40-41, 44-53). He was therefore detained by ICE as an "arriving alien" and inspected for expedited removal. (*See id.*, Ex. 1, ¶¶ 5, 10 & Ex. A, at PAGEID#: 41, 42, 44-53). Because petitioner "claimed a fear of returning to Somalia," he was referred to U.S. Citizenship and Immigration Services "for a credible fear interview by an asylum officer." (*Id.*, Ex. 1, ¶ 6, at PAGEID#: 41).

On February 10, 2016, after an asylum officer found that petitioner had "demonstrated a credible fear of persecution or torture," the Department of Homeland Security issued a Notice to Appear to petitioner for a hearing on the charge that he was subject to removal from the United States as an "inadmissible alien" under 8 U.S.C. § 1182.[2] (*See id.*, Ex. 1, ¶ 7 & Ex. B, at PAGEID#: 41, 42). An immigration judge sustained the charge of inadmissibility, and petitioner filed a Form I-589 application requesting asylum, the withholding of removal, and protection under the Convention Against Torture (CAT). (*See id.*, Ex. 1, ¶ 8, at PAGEID#: 41). Petitioner has alleged that he sought asylum because "he is a journalist who has been critical of . . . Somalia, was accused of writing 'propaganda,' . . . was beaten and jailed for seven days, and fears future persecution if returned to Somalia." (*See* Doc. 1, ¶ 3, at PAGEID#: 2).

On May 5, 2016, an immigration judge denied petitioner's application for asylum, withholding of removal, and protection under CAT and ordered petitioner's removal to Somalia. (Doc. 10, Ex. 1, ¶ 9 & Ex. C, at PAGEID#: 41-42, 56-57). Because petitioner waived his right to appeal the decision, the removal order became final on May 5, 2016. (*See id.*).

---

[2] Specifically, 8 U.S.C. § 1182(a)(7)(A)(i)(I) provides in pertinent part that "any immigrant at the time of application for admission . . . who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document . . ., and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required . . . is inadmissible."

On August 4, 2016, ICE served petitioner with a decision to continue his detention on the ground that a "request for a travel document from the Embassy of Somalia is currently pending." (*Id.*, Ex. 1, ¶ 11 & Ex. D, at PAGEID#: 42, 58-59). On November 3, 2016, ICE's Headquarters Case Management Unit (HQCMU) reviewed petitioner's custody status and issued a second decision to continue petitioner's detention. (*Id.*, Ex. 1, ¶ 12 & Ex. E, at PAGEID#: 42, 60). The decision provided in pertinent part: "ICE is currently working with the government of Somalia to secure a travel document for your removal from the United States. A travel document from Somalia is expected, therefore you are to remain in ICE custody at this time." (*Id.*, Ex. 1, Ex. E, at PAGEID#: 60).

Luke Affholter, an ICE deportation officer, has averred in a declaration attached to the return of writ that "ICE's HQCMU is currently working to secure a travel document from the Embassy of Somalia in Washington, D.C." (*Id.*, Ex. 1, ¶ 13, at PAGEID#: 42). Affholter also states that according to the HQCMU, "since the end of May 2016, the Embassy of Somalia has issued approximately 130 travel documents to ICE for individuals, who like [petitioner], have final removal orders." (*Id.*, Ex. 1, ¶ 14, at PAGEID#: 42-43). According to Affholter, "it is significantly likely that the government of Somalia will issue a travel document for [petitioner] and that ICE will be able to remove him from the United States in the reasonably foreseeable future." (*Id.*, Ex. 1, ¶ 15, at PAGEID#: 43).

**II. Habeas Petition**

Petitioner commenced the instant action in September 2016, before ICE's HQCMU issued the second decision on November 3, 2016 to continue petitioner's detention pending receipt of "expected" travel documents. (*See* Doc. 1). In the petition, petitioner presents the following grounds for relief:

**Ground One:** Statutory Claim - [Petitioner's] detention more than 90 days after

3

his final order of removal is in violation of the plain meaning of 8 U.S.C. § 1231.

**Ground Two:** Substantive Due Process Claim - [Petitioner's] detention more than 90 days after his final order of removal without judicial oversight is in violation of the United States Constitution Fifth Amendment's Due Process Clause.

**Ground Three:** Procedural Due Process Claim – [Petitioner's] detention more than 90 days after his final order of removal without judicial oversight is in violation of the United States Constitution Fifth Amendment's Due Process Clause.

(*Id.*, at PAGEID#: 10-12). As relief, petitioner seeks immediate release from confinement at the Butler County Jail pursuant to an order of supervision by ICE or, in the alternative, a hearing wherein respondents must demonstrate that petitioner's continued detention is necessary. (*Id.*, at PAGEID#: 13).

### III. OPINION

Although there are statutory restrictions of court review regarding many immigration matters, a petition for writ of habeas corpus under 28 U.S.C. § 2241 "is appropriate for raising statutory and constitutional challenges to post-removal detention by ICE." *Estenor v. Holder*, No. 1:11cv743, 2011 WL 5572596, at *2 (W.D. Mich. Oct. 24, 2011) (Report & Recommendation) (citing *Zadvydas v. Davis,* 533 U.S. 678, 688 (2001); *Ly v. Hansen*, 351 F.3d 263, 266 (6th Cir. 2003)), *adopted*, 2011 WL 5589279 (W.D. Mich. Nov. 16, 2011).

Congress has prescribed that once an alien has been ordered to be removed from the United States, "the Attorney General shall detain the alien" and "remove the alien from the United States within a period of 90 days." 8 U.S.C. §§ 1231(a)(1)(A) & 1231(a)(2). Title 8 U.S.C. § 1231(a)(6) further provides in relevant part:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community

4

or unlikely to comply with the order of removal, may be detained beyond the [90-day] removal period.

By its terms, § 1231(a)(6) "applies to three categories of aliens: (1) those ordered removed who are inadmissible under § 1182, (2) those ordered removed who are removable under § 1227(a)(1)(C), § 1227(a)(2), or § 1227(a)(4), and (3) those ordered removed whom the Secretary [of DHS] determines to be either a risk to the community or a flight risk." *Clark v Martinez,* 543 U.S. 371, 377 (2005). In *Zadvydas v. Davis,* 533 U.S. 678 (2001), the Supreme Court interpreted the provision "to authorize the Attorney General (now the Secretary [of DHS]) to detain aliens in the second category only as long as 'reasonably necessary' to remove them from the country." *Clark,* 543 U.S. at 377 (quoting *Zadvydas,* 533 U.S. at 689, 699). The *Zadvydas* Court held that reading § 1231(a)(6) to authorize indefinite detention would "raise a serious constitutional problem" under the Fifth Amendment's Due Process Clause. *Zadvydas,* 533 U.S. at 690. Therefore, the Court "construe[d] the statute to contain an implicit 'reasonable time' limitation, the application of which is subject to federal-court review." *Id.* at 682.

In *Zadvydas,* 533 U.S. at 701, the Supreme Court considered the six-month detention of an alien who is subject to removal due to criminal convictions to be presumptively reasonable. The Court then provided the following guidance in addressing detentions that exceed the six-month presumptively reasonable limit:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

5

*Id.* Although *Zadvydas* only addressed the second category of aliens covered by § 1231(a)(6), the Supreme Court has held that the *Zadvydas* Court's construction of the statutory provision applies "without differentiation to all three categories of aliens that are its subject," including the first category of aliens who, like petitioner, were ordered removed as "inadmissible" under 8 U.S.C. § 1182. *See Clark*, 543 U.S. at 378.

In this case, petitioner does not challenge the removal order that was issued on May 5, 2016, nor does he dispute that he is subject to removal to Somalia. It is also undisputed that, at this point in time, petitioner has been detained longer than the six-month presumptively reasonable period under *Zadvydas*.

In Ground One of the petition, petitioner generally contends that his continued detention violates the statutory provision requiring his removal from the United States "within a period of 90 days." *See* 8 U.S.C. §§ 1231(a)(1)(A) & 1231(a)(2). Petitioner is unable to prevail on that claim given the provision set forth in 8 U.S.C. § 1231(a)(6), which permits detentions beyond the 90-day removal period for aliens, like petitioner, who are ordered removed on the ground that they are "inadmissible" under 8 U.S.C. § 1182.

In addition, petitioner has not demonstrated that he is entitled to habeas relief based on his claim in Ground Two that his Fifth Amendment right to substantive due process has been violated because he has remained in detention beyond the presumptively reasonable six-month period recognized by the Supreme Court in *Zadvydas*. Petitioner has not met his initial burden of proof under *Zadvydas* in the absence of any evidence in the record showing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *See Zadvydas*, 533 U.S. at 701.

Indeed, it appears from the record presented that ICE officials have been working with the Somalia Embassy in Washington, D.C. since the issuance of the removal order to secure a

travel document for petitioner's removal from the United States. ICE Deportation Officer Luke Affholter has averred that "since the end of May 2016, the Embassy of Somalia has issued approximately 130 travel documents to ICE for individuals, who like [petitioner], have final removal orders." (Doc. 10, Ex. 1, ¶ 14, at PAGEID#: 42-43). Affholter has also averred that "it is significantly likely that the government of Somalia will issue a travel document for [petitioner] and that ICE will be able to remove him from the United States in the reasonably foreseeable future." (*Id.*, Ex. 1, ¶ 15, at PAGEID#: 43). There is simply no evidence in the record to suggest that Somalia will refuse to issue the requested travel document in the reasonably foreseeable future or that there is any institutional barrier or other impediment that will prevent petitioner's removal from the United States to Somalia in the reasonably foreseeable future.

In other analogous cases where the only impediment to removal is the issuance of the appropriate travel documentation, courts have uniformly held that "mere delay by the foreign government in issuing travel documents, despite reasonable efforts by United States authorities to secure them, does not satisfy a detainee's burden under *Zadvydas* to provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *See Estenor, supra,* 2011 WL 5572596, at *3 (citing *Joseph v. Holder*, No. 11-11118, 2011 WL 2893070, at *3 (E.D. Mich. July 20, 2011); *Resil v. Hendricks*, Civ. Act. No. 11-2051, 2011 WL 2489930, at *6 (D.N.J. June 21, 2011)); *see also Newell v. Holder*, 983 F. Supp.2d 241, 248 (W.D.N.Y. 2013) (and numerous cases cited therein); *Nasr v. Larocca,* No. CV 16-1673, 2016 WL 3710200, at *3-4 (C.D. Cal. June 1, 2016) (Report & Recommendation) (and numerous cases cited therein), *adopted*, 2016 WL 3704675 (C.D. Cal. July 11, 2016);[3] *Chen v. Banieke*, Civ. No. 15-2188, 2015 WL 4919889, at *4-5 (D. Minn. Aug. 11, 2015); *Head v. Keisler*, No.

---

[3] In *Nasr*, the court cited in a "but see" reference one decision by the Ninth Circuit, wherein the court held that a detention of five years was "plainly unreasonable under any measure." *See Nasr, supra,* 2016 WL 3710200, at *4 (citing *Nadarajah v. Gonzales*, 443 F.3d 1069, 1080 (9th Cir. 2006)). In this case, petitioner's eight-month confinement since the issuance of the removal order in May 2016 does not implicate any such concerns.

CIV-07-402-F, 2007 WL 4208709, at *5-6 (W.D. Okla. Nov. 26, 2007) (and numerous cases cited therein). In the absence of any evidence in the record to suggest that the Somalia Embassy will not issue the requested and "expected" travel document in the reasonably foreseeable future, the undersigned concludes that petitioner has failed to meet his initial burden of proof under *Zadvydas*.

Finally, petitioner has not demonstrated that he is entitled to habeas relief based on the claim alleged in Ground Three that his continued custody "without judicial oversight" violates the Fifth Amendment guarantee of procedural due process. There is simply no evidence in the record even remotely suggesting there is any merit to that conclusory claim. *Cf. Atugah v. Dedvukaj*, No. 2:16cv68, 2016 WL 3189976, at *4 (W.D. Mich. May 10, 2016) (Report & Recommendation) (rejecting a similar procedural due process claim as meritless), *adopted*, 2016 WL 3166600 (W.D. Mich. June 7, 2016), *appeal filed*, No. 16-1862 (6th Cir. June 22, 2016); *Moses v. Lynch,* No. 15cv4168, 2016 WL 2636352, at *4 (D. Minn. Apr. 12, 2016) (Report & Recommendation) (holding that in the absence of "some indication . . . that ICE failed to comply with any specific requirements" of custody-review procedures established in the Code of Federal Regulations, petitioner had not demonstrated a violation of his Fifth Amendment right to procedural due process), *adopted*, 2016 WL 2596020 (D. Minn. May 5, 2016). Respondents have pointed out in the return of writ that petitioner is entitled to "certain administrative reviews of his continued custody" and that federal immigration officials have "complied with these requirements" in this case. (*See* Doc. 10, p. 9 & n.3, at PAGEID#: 38). Specifically, respondents note that petitioner "is entitled to review of his custody status prior to the expiration of the removal period . . . and at annual intervals thereafter . . . with the right to request interim reviews not more than once every three months in the period between annual reviews." (*Id.*, p. 9 n.3, at PAGEID#: 38). A detainee who has been in custody for more than six months following

the issuance of a final removal order may also "request release on the asserted ground that there is no significant likelihood of repatriation in the reasonably foreseeable future." (*Id.*). In addition, although petitioner has not shown an entitlement to habeas relief at this time, he is not precluded from seeking federal habeas relief based on a showing of changed circumstances in which there is no significant likelihood of removal in the reasonably foreseeable future. *See Atugah, supra*, No. 2:16cv68, 2016 WL 3189976, at *4 (relying on that point in rejecting as "patently untrue" the petitioner's claim that "there is no procedure under which his continued detention may be reviewed").

Accordingly, in sum, the undersigned concludes that petitioner has not demonstrated that he is entitled to habeas corpus or mandamus relief because he has not shown that he is currently in ICE custody in violation of the Constitution or laws of the United States. Although petitioner has not shown an entitlement to relief at this time, if his detention continues for an extended period, he may be able to make the requisite showing under *Zadvydas* at a later time. *Cf. Nasr, supra*, 2016 WL 3710200, at *6 (and cases cited therein); *Estenor, supra*, 2011 WL 5572596, at *4. Therefore, the instant petition should be dismissed without prejudice to petitioner's ability to apply for future relief if circumstances change. *See id.*

**IT IS THEREFORE RECOMMENDED THAT:**

1. The petitioner's petition for writ of habeas corpus and writ of mandamus (Doc. 1) be **DENIED** without prejudice.

2. A certificate of appealability should not issue because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000)

(citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 1/12/2017

Karen L. Litkovitz
United States Magistrate Judge


# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

HANAD MAHAD-MIRE,
    Petitioner,

vs.

UNITED STATES ATTORNEY
GENERAL, et al.,
    Respondents.

Case No. 1:16-cv-921

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc